Gerald Barrett, SBN: 005855
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Wine, as trustee of the Plaintiff Taft-Hartley trust funds; Debra Margraf, as trustee of the Plaintiff Taft-Hartley trust funds; IBEW Local Union No. 640 and Arizona Chapter NECA Health &Welfare Fund, a Taft-Hartley trust; IBEW Local Union No. 640 and Arizona Chapter NECA Pension Fund, a Taft-Hartley trust; IBEW Local Union No. 640 and Arizona Chapter NECA Defined Contribution Fund, a Taft-Hartley trust; National Electrical Benefit Fund, a Taft-Hartley trust; Phoenix Electrical Industry Joint Apprenticeship and Training Committee, a Taft-Hartley trust; NECA-IBEW National Labor-Management Cooperative Fund, a Taft-Hartley trust; Arizona Chapter, N.E.C.A as Administrator of the Receiving and Administration Fund, a Trust Fund; Labor-Management Cooperation Fund, a Taft – Hartley Trust Fund; Arizona Chapter NECA/IBEW Local 640 Drug-Free Workplace Program., a Taft- Hartley Trust Fund; Local Union 640, International Brotherhood of Electrical Workers, a Labor Organization<br><br>Plaintiffs,<br><br>vs.<br><br>K & F Electric, Inc., a Missouri corporation,<br><br>Defendant. | No.<br><br>COMPLAINT |

Plaintiffs allege, as follows:

<u>Allegations Common to All Claims</u>

1. Plaintiffs Dean Wine and Debra Margraf serve as fiduciaries for each of the plaintiff Taft- Hartley trust funds described in paragraph 2 for, among other purposes, collecting money due from contributing employer

2. Plaintiff IBEW Local Union No. 640 and Arizona Chapter NECA Health &Welfare Fund (H&W), IBEW Local Union No. 640 and Arizona Chapter NECA Pension Fund (Pension), IBEW Local Union No. 640 and Arizona Chapter NECA Defined Contribution Fund (Defined Contribution), National Electrical Benefit Fund (NEBF), Phoenix Electrical Industry Joint Apprenticeship and Training Committee (JATC), NECA-IBEW National Labor-Management Cooperative Fund (NLMCC), Labor-Management Cooperation Fund (LMCC), Arizona Chapter NECA/IBEW Local 640 Drug-Free Workplace Program, (SUBA), and Arizona Chapter, N.E.C.A. as Administrator of the Receiving and Administration Fund (Administrator), a Trust Fund are each the designated payee of certain contributions required to be made by the defendant K & F Electric employer pursuant to its collective bargaining agreements with IBEW Local Union 640. In this regard, each of these Plaintiff Trust Funds is established pursuant to an Agreement and Declaration of Trust which is incorporated by reference in said collective bargaining agreement.

3. The above-described contributions are received by each of the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

4. Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

5. Plaintiff IBEW Local Union No. 640 is a labor organization within the meaning of the federal labor laws. Local Union No. 640 maintains its principal place of business in Phoenix, Maricopa County, Arizona.

6. Defendant K & F Electric, an Arizona corporation, at all times relevant

herein, was and is transacting business within the State of Arizona as an electrical contractor.

## COUNT I

7. Plaintiffs incorporate by this reference those matters set forth in Paragraphs 1 through 6 above.

8. This action is brought to enforce the terms of a collective bargaining agreements between Defendant and IBEW Local Union No. 640. Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

9. The collective bargaining agreement between Plaintiff Local 640 and Defendant K & F Electric required Defendant to file a contribution report form by the 15th day of each month in which its employees worked with the administrator of the various Plaintiff Trust Funds. In said contribution report forms, Defendant was to list the names of each employee performing work covered by the collective bargaining agreement and the number of hours worked by each employee.

10. The collective bargaining agreement required Defendant when filing its monthly contribution reporting forms to pay fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked and the rates set out in the collective bargaining agreement.

11. The collective bargaining agreement adopts applicable Agreements and Declarations of Trust for each trust fund that respectively provide Defendant is required to pay liquidated damages in an amount equal to 10% of any delinquency.

12. Various employees of Defendant K & F Electric, pursuant to a right granted under the collective bargaining agreement, executed a dues checkoff authorization form directing Defendant to deduct a specific amount from their post-tax wages.

13. Defendant was obligated to remit the amount withheld from its employees' wages when paying its trust fund contributions as described in paragraph 12 above.

14. Taking into account all amounts received with respect to contributions

owed for hours worked during October 2020, K&F Electric owes $68,634.48 plus liquidated damages.

15. The various Agreements and Declarations of Trust provide that Plaintiff Trust Funds are entitled to recover their attorneys' fees and court costs incurred as a result of collection effort, together with other necessary costs. Plaintiffs have incurred attorneys' fees, court costs and other costs of collection, including audit charges.

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor and against Defendant for contributions due for work performed during October 2020 and subsequent months, including liquidated damages, together with attorneys' fees court cost and all other relief deemed just and proper under the circumstances.

## COUNT II

16. Plaintiff Trustees and Trust Funds incorporate by this reference those matters set forth in Paragraphs 1 through and including 15 except for paragraphs 5, 8, 12 and 13.

17. Plaintiffs second claim arises under, and jurisdiction is conferred in this Court by virtue of Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§§1132.

18. By the acts and conduct alleged and complained hereinabove, Defendant has violated Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145.

19. Plaintiffs are entitled under Section 502(g) (2) of ERISA, 29 U.S.C. §1132(g) (2) to recover interest, liquidated damages and attorneys' fees and court costs incurred herein.

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor and against Defendant for contributions due for work performed during October 2020 and subsequent months, including liquidated damages, together with attorneys' fees court cost and all other relief deemed just and proper under the circumstances.

**DATED** this 1st day of December, 2020.

                              WARD, KEENAN & BARRETT, P.C.

                              By:  s/Gerald Barrett
                                    Gerald Barrett
                                    3838 N. Central Avenue, Suite 1720
                                    Phoenix, AZ 85012
                                    Attorneys for Plaintiffs

**Certificate of Service**

I hereby certify that on the 1st day of December, 2020, I electronically transmitted the foregoing to the Clerk of the U.S. District Court using the CM/ECF System for filing and transmittal.

s/Mary Farley